UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SECURITIES AND EXCHANGE

COMMISSION,

                       Plaintiff,

            v.

HEART TRONICS, INC., MITCHELL JAY
STEIN, WILLIE JAMES GAULT,
J. ROWLAND PERKINS, II, MARTIN
BERT CARTER,  MARK CROSBY
NEVDAHL, and RYAN ALLAN RAUCH,

         Defendants,

TRACEY HAMPTON-STEIN, ARC
FINANCE GROUP, LLC, ARC BLIND
TRUST, THS BLIND TRUST, JAYMI
BLIND TRUST, OAK TREE
INVESTMENTS BLIND TRUST, WBT
INVESTMENTS BLIND TRUST, CATCH
83 GENERAL PARTNERSHIP, and FIVE
INVESTMENTS PARTNERSHIP,

        Relief Defendants.

SACV11-1962-JVS(ANX)

**FINAL JUDGMENT AS TO DEFENDANT RYAN RAUCH**

The Securities and Exchange Commission having filed a Complaint and

Defendant Ryan Rauch having entered a general appearance; consented to the

Court's jurisdiction over Defendant and the subject matter of this action; consented

to entry of this Final Judgment without admitting or denying the allegations of the

Complaint (except as to jurisdiction); waived findings of fact and conclusions of

law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant

and Defendant's agents, servants, employees, attorneys, and all persons in active

concert or participation with them who receive actual notice of this Final Judgment

by personal service or otherwise are permanently restrained and enjoined from

violating, directly or indirectly, Section 17(b) of the Securities Act of 1933 (the

"Securities Act") [15 U.S.C. § 777q(b)] by using any means or instrumentality of

interstate commerce, or of the mails, to publish, give publicity to, or circulate any

notice, circular, advertisement, newspaper, article, letter, investment service, or

communication which, though not purporting to offer a security for sale, describes

such security for a consideration received or to be received, directly or indirectly,

from an issuer, underwriter, or dealer, without fully disclosing the receipt, whether

past or prospective, of such consideration and the amount thereof.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED

that Defendant is barred, for a period of three years from the date of this Final

Judgment, from participating in an offering of penny stock, including engaging in

activities with a broker, dealer, or issuer for purposes of issuing, trading, or

inducing or attempting to induce the purchase or sale of any penny stock.  A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. 240.3a51-1].

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $15,000, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $2,789.84, and a civil penalty in the amount of $20,000 pursuant to Section 20(d) of the Securities Exchange Act [15 U.S.C. § 77t(d)]. Defendant shall satisfy this obligation by paying $37,789.84 within 30 days after entry of this Final Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, 100 F Street, NE, Mail Stop 6042, Washington DC 20549, and shall be accompanied by a letter identifying Ryan Rauch as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment.  Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961.  The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

VI.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated:  August 09, 2012

_____
UNITED STATES DISTRICT JUDGE

4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28