## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## CIVIL MINUTES - ORDER

Case No.:   SACV 11-01962 JVS (ANx)                               Dated: April 21, 2014

Title:   Securities Exchange Commission v. Heart Tronics, Inc., et al.
=====================================================================
             Present:  **Hon. Arthur Nakazato,  United States Magistrate Judge**
                           (In Chambers - No Appearances)

   Stephen Ybarra                                  None
   Deputy Clerk                                    CourtSmart Ref. No.

**Proceedings:**   Parties' Pre-Settlement Conference Position Statements ("Statements") and corresponding partial requests for a settlement conference

**Rulings:**   The requests for a settlement conference are denied for the reasons, and in the manner, discussed below.

**Discussion:**

   The Court has reviewed the parties' Statements that were submitted in response to the Court's 03/05/14 Order [108]. The Statements collectively disclose a settlement conference at this time will not result in a global settlement. The Statements of the Securities and Exchange Commission ("SEC"), Heart Tronics and Gault reflect these parties have not complied with the Court's 03/05/14 Order by failing to engage in three full rounds of GOOD-FAITH settlement negotiations. The SEC, Perkins and Nevdahl Statements reflect these parties have made some progress towards settlement regarding certain non-monetary terms but did not engage in sufficient good-faith negotiations about monetary settlement terms. More specifically, the amounts of the SEC's monetary settlement demands made to Perkins and Nevdahl do not appear to represent compromise positions and, as a result, both of these defendants responded in kind. The SEC has indicated that it has made progress in its settlement negotiations with Stein, however, the monetary settlement term cannot be evaluated until Stein is sentenced. Consequently, to the extent the SEC, Stein, Perkins and Nevdahl have requested the Court to proceed with a settlement conference, their requests are denied.

   The Statements of the SEC, Stein, Perkins and Nevdahl reflect they should be capable of resolving their differences on their own or with the assistance of one of the volunteer mediators on the Court's ADR Panel, which includes former judges and attorneys with substantial securities litigation/trial experience. While some of the defendants have previously indicated their willingness to participate in the Court's ADR program, which the Court suggested to all of the parties, one of the SEC's counsel of record told the Court's clerk that the SEC refuses to consider this option for "policy" reasons.

SEC v. Heart Tronics, Inc., et al.
SACV 11-01962 JVS (ANx)
April 21, 2014
Page 2
================================================================================

As explained in the 03/05/14 Order, due to the time-consuming nature of settlement conferences, this Court only holds settlement conferences if the Statements of all parties disclose a global settlement is likely to occur with the Court's assistance. The Court does not have the time for piecemeal settlement conferences. To the extent the Court's position conflicts with SEC's purported policy, the Court's position controls.

While the requests for a settlement conference are denied, the parties are invited to request the Court's assistance in settlement subject to the following conditions.

The SEC must re-evaluate its policy of refusing to participate in a mediation session of up to three-hours with one of the mediators on the Court's ADR Panel (or a longer session where the mediator agrees not to charge for his or her services). If the SEC agrees, then it should proceed to schedule separate mediation sessions with each defendant.

If the SEC settles with at least 3 of the 4 individual defendants, SEC and the last remaining individual defendant may jointly request a settlement conference after each party submits a supplemental Statement that must include the following: (1) a showing that the parties were unable to reach a settlement after exchanging three full rounds of good-faith settlement offers; (2) each party's best and final offer with an explanation of why that party feels its or his offer is objectively reasonable and should control; and (3) each party's irrevocable consent to allow the Court to decide which party's last and final offer should control and be imposed as the binding settlement agreement.

The Court cannot order any party to settle, and each party is solely responsible for deciding what is in its or his best interest. That said, every individual defendant is urged to entertain making a reasonable compromise settlement with SEC. Each defendant who settles with SEC will not only obtain closure but it will leave each remaining, non-settling defendant at risk of going to trial and spending more money to defend himself in a case where SEC has already obtained a criminal conviction against one of their co-defendants. Put bluntly, being the proverbial "last man standing" under these circumstances can prove to be unwise.

cc:     JUDGE SELNA
        All Parties                                         Initials of Deputy Clerk: dv for shy