# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>HEART TRONICS, INC., MITCHELL JAY STEIN, WILLIE JAMES GAULT, J. ROWLAND PERKINS, II, MARTIN BERT CARTER, MARK CROSBY NEVDAHL, and RYAN ALLAN RAUCH,<br>　　　　Defendants,<br><br>TRACEY HAMPTON-STEIN, ARC FINANCE GROUP, LLC, ARC BLIND TRUST, THS BLIND TRUST, JAYMI BLIND TRUST, OAK TREE INVESTMENTS BLIND TRUST, WBT INVESTMENTS BLIND TRUST, CATCH 83 GENERAL PARTNERSHIP, and FIVE INVESTMENTS PARTNERSHIP,<br><br>　　　　Relief Defendants. | Case No. SACV11-1962-JVS(ANx) |

**FINAL JUDGMENT AS TO DEFENDANT MARK CROSBY NEVDAHL**

The Securities and Exchange Commission having filed a Complaint and

Defendant Mark Crosby Nevdahl ("Defendant") having entered a general

appearance; consented to the Court's jurisdiction over him and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph IV); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant shall pay a civil penalty in the amount of $13,000.00 to the Securities and Exchange Commission pursuant to 15 U.S.C. § 77t(d). Defendant shall make this payment within 14 days after entry of this Final Judgment. Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

    Enterprise Services Center
    Accounts Receivable Branch
    6500 South MacArthur Boulevard
    Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number,

and name of this Court; Mark Crosby Nevdahl as a defendant; and specifying that payment is made pursuant to this Final Judgment.  Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel.  By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.  The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.  Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that based on Defendant's agreement to cooperate in this enforcement action and in any related Commission investigation, the Court is not ordering Defendant to pay a civil penalty in excess of $13,000.  If at any time following the entry of the Final Judgment the Commission obtains information indicating that Defendant knowingly provided materially false or misleading information or materials to the Commission or in a related proceeding, the Commission may, at its sole discretion and without prior notice to the Defendant, petition the Court for an order requiring Defendant to pay an additional civil penalty.  In connection with any such petition and at any hearing held on such a motion:  (a) Defendant will be precluded from arguing that did not violate the federal securities laws as alleged in the Complaint;

(b) Defendant may not challenge the validity of the Judgment, this Consent, or any related undertakings; (c) the allegations of the Complaint, solely for the purposes of such motion, shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure.  Under these circumstances, the parties may take discovery, including discovery from appropriate non-parties.

## III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

## IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Final Judgment or any other

judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

VI.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: August 28, 2014

_____
UNITED STATES DISTRICT JUDGE