# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>        Plaintiff,<br><br>    vs.<br><br>HEART TRONICS, INC., MITCHELL JAY STEIN, WILLIE JAMES GAULT, J. ROWLAND PERKINS, II, MARTIN BERT CARTER,  MARK CROSBY NEVDAHL, and RYAN ALLAN RAUCH,<br>        Defendants,<br><br>TRACEY HAMPTON-STEIN, ARC FINANCE GROUP, LLC, ARC BLIND TRUST, THS BLIND TRUST, JAYMI BLIND TRUST, OAK TREE INVESTMENTS BLIND TRUST, WBT INVESTMENTS BLIND TRUST, CATCH 83 GENERAL PARTNERSHIP, and FIVE INVESTMENTS PARTNERSHIP,<br><br>        Relief Defendants. | Case No. SACV11-1962-JVS(ANx) |

**FINAL JUDGMENT AS TO DEFENDANT J. ROWLAND PERKINS II**

The Securities and Exchange Commission having filed a Complaint and

Defendant J. Rowland Perkins II ("Defendant") having entered a general

appearance; consented to the Court's jurisdiction over him and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c)     to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 13(b)(5) of the Exchange Act [15 U.S.C. § 78m(b)(5)] by knowingly circumventing or failing to implement a system of internal accounting controls or knowingly falsifying any book, record or account of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C.§ 78l] or is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Section 13(b)(2)(B) of the Exchange Act

[15 U.S.C. § 78m(b)(2)(B)] by knowingly or recklessly substantially assisting the failure by any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C.§ 78l] or is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)] to devise and maintain a system of internal accounting controls consistent with Section 13(b)(2)(B)(i)-(iv) of the Exchange Act [15 U.S.C. § 78m(b)(2)(B)(i)-(iv)].

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Rule 13a-14 of the Exchange Act [17 C.F.R. § 240.13a-14] by signing a certification, for any periodic report required to be filed pursuant to Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)], while knowing that the report does not comport with the requirements of Section 13(a) or Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)] or knowing that the report contains information that does not fairly present, in all material respects, the financial condition and results of operations of the issuer with respect to the period covered by the report.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 21(d)(2) [15 U.S.C. § 78u(d)(2)] and Section 21(d)(6) of the Exchange Act [15 U.S.C. § 78u(d)(6)], Defendant is prohibited, for three years following the date of entry of this Final Judgment, (i) from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)]; and (ii) from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock.  A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. 240.3a51-1].[1]

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall pay a civil penalty in the amount of $42,500 to the Securities and Exchange Commission pursuant to Section 21(d) of the Exchange Act [15 U.S.C. § 78u(d)].  Defendant shall make this payment within 30 days after entry of this

---

[1] The terms of this provision notwithstanding, if Defendant holds for himself shares of penny stock acquired by him before July 1, 2014, he may dispose of those shares if done strictly for the purpose of liquidating them to cash and forever divesting himself of all interest in such holdings.

Final Judgment.  Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.   Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and accompanied by a letter identifying the case title, civil action number, and name of this Court; J. Rowland Perkins as a defendant; and specifying that payment is made pursuant to this Final Judgment.  Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.  By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.  The Commission shall send the funds to the United States Treasury.  Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961.

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

IX.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated:  September 04, 2014

_____
UNITED STATES DISTRICT JUDGE