# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>HEART TRONICS, INC., MITCHELL JAY STEIN, WILLIE JAMES GAULT, J. ROWLAND PERKINS, II, MARTIN BERT CARTER, MARK CROSBY NEVDAHL, and RYAN ALLAN RAUCH,<br><br>Defendants,<br><br>TRACEY HAMPTON-STEIN, ARC FINANCE GROUP, LLC, ARC BLIND TRUST, THS BLIND TRUST, JAYMI BLIND TRUST, OAK TREE INVESTMENTS BLIND TRUST, WBT INVESTMENTS BLIND TRUST, CATCH 83 GENERAL PARTNERSHIP, and FIVE INVESTMENTS PARTNERSHIP,<br><br>Relief Defendants. | Case No. SACV11-1962-JVS(ANx)<br><br>**FINAL JUDGMENT AGAINST DEFENDNAT STEIN IMPOSING PERMANENT INJUNCTIONS, PERMANENT OFFICER AND DIRECTOR BAR, PERMANENT PENNY STOCK BAR, DISGORGEMENT WITH PREJUDGMENT INTEREST, AND A CIVIL PENALTY** |

Consistent with the Court's Order Granting in Part and Denying in Part of Plaintiff's Motion for Summary Judgment Against Defendant Mitchell J. Stein as to Claims One, Two, Three, Five, Seven, Eight and Nine (Docket No. 255) pursuant to Fed. R. Civ. P. 56, and the Plaintiff's request for leave to voluntarily dismiss with prejudice all other claims of the Complaint against this Defendant:

**I.**

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant Stein and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

**II.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Stein and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails:

    (a)    to employ any device, scheme, or artifice to defraud;

  (b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

  (c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

## III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED THAT Defendant Stein and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 13(b)(5) of the Exchange Act [15 U.S.C. § 78m(b)(5)] by knowingly circumventing or failing to implement a system of internal accounting controls or knowingly falsifying any book, record, or account described in Section 13(b)(2) of the Exchange Act [15 U.S.C. §§ 78m(b)(2)].

## IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Stein and Defendants' agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Rule 13b2-1 of the Exchange Act [17 C.F.R. § 240.13b2-1] by falsifying, or causing to be falsified, any book, record, or account described in Section 13(b)(2)(A) of the Exchange Act [15 U.S.C § 78m(b)(2)(A)].

## V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Stein and Defendant's agents, servants, employees, attorneys, and all

persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Sections 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Rules 12b-20, 13a-1and 13a-13 of the Exchange Act [17 C.F.R. §§ 240.12b-20, 240.13a-1and 240.13a-13], including by knowingly providing substantial assistance to an issuer who files or causes to be filed with the Commission any periodic or current report pursuant to Section 13(a) and the rules and regulations promulgated thereunder, which contains any untrue statement of a material fact, or which omits to state a material fact necessary in order to make statements made, in light of the circumstances under which they were made, not misleading, or which fails to comply in any material respect with the requirements of Section 13(a) of the Exchange Act and the rules and regulations thereunder.

## VI.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant Stein and Defendant's agents, servants, employees and attorneys-in-fact, and all persons in active concert or participation with any of them, who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, are permanently enjoined and restrained from aiding and abetting any violation of Section 13(b)(2)(A) of the Exchange Act [15 U.S.C. § 78m(b)(2)(A)], by knowingly providing substantial assistance to any issuer which has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l], or Section 15(d) of the Exchange Act [15 U.S.C. § 78o], in failing to make or keep books, records or accounts, which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the assets of the issuer.

## VII.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant Stein and Defendant's agents, servants, employees and attorneys-in-fact, and all persons in active concert or participation with any of them, who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, are permanently enjoined and restrained from aiding and abetting any violation of Section 13(b)(2)(B) of the Exchange Act [15 U.S.C. § 78m(b)(2)(B)], by knowingly providing substantial assistance to any issuer which has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l], or Section 15(d) of the Exchange Act [15 U.S.C. § 78o], in failing to devise and maintain a system of internal accounting controls sufficient to provide reasonable assurance that transactions are recorded as necessary to permit preparation of financial statements in conformity with generally accepted accounting principles or other applicable criteria, and to maintain accountability for assets.

## VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)] and Section 20(e) of the Securities Act [15 U.S.C. § 77t(e)], Defendant Stein is permanently barred from: (i) acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)]; and (ii) from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock. A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. 240.3a51-1].

**IX.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Stein is liable for disgorgement of $5,378,581.61, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $697,833.91; and that he is further liable for a civil penalty in the amount of $5,378,581.61, pursuant to Section 20 of the Securities Act [15 U.S.C. § 77t(d)(2)] and Section 21 of the Exchange Act [15 U.S.C. § 78u(d)(3)]. Defendant shall satisfy this obligation by paying $11,454,997.13 to the Securities and Exchange Commission within 14 days after entry of this Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to:

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Mitchell J. Stein as a defendant in this action; and specifying that payment is made pursuant to this Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant. The Commission shall send the funds paid pursuant to this Judgment

1  to the United States Treasury. Defendant shall pay post-judgment interest on any
2  delinquent amounts pursuant to 28 USC § 1961.

### X.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment and all order and decrees which may be entered herein and to entertain any suitable application or motion for additional relief within the jurisdiction of this Court.

### XI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, there being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk of the Court is ordered to enter this Judgment forthwith and without further notice. Any remaining claims against the Defendant are dismissed with prejudice pursuant to Rule 42(a)(2) of the Federal Rules of Civil Procedure.

Dated: March 03, 2015  
_____  
HONORABLE JAMES V. SELNA  
UNITED STATES DISTRICT JUDGE