# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

SECURITIES AND EXCHANGE COMMISSION,

      Plaintiff,

vs.

HEART TRONICS, INC., MITCHELL JAY STEIN, WILLIE JAMES GAULT, J. ROWLAND PERKINS, II, MARTIN BERT CARTER, MARK CROSBY NEVDAHL, and RYAN ALLAN RAUCH,

      Defendants,

TRACEY HAMPTON-STEIN, ARC FINANCE GROUP, LLC, ARC BLIND TRUST, THS BLIND TRUST, JAYMI BLIND TRUST, OAK TREE INVESTMENTS BLIND TRUST, WBT INVESTMENTS BLIND TRUST, CATCH 83 GENERAL PARTNERSHIP, and FIVE INVESTMENTS PARTNERSHIP,

      Relief Defendants.

Case No. SACV11-1962-JVS(ANx)

**FINAL JUDGMENT AGAINST DEFENDANT WILLIE J. GAULT IMPOSING PERMANENT INJUNCTIONS AND OTHER EQUITABLE RELIEF, DISGORGEMENT WITH PREJUDGMENT INTEREST, AND A CIVIL PENALTY**

Consistent with the Jury's Verdict Against Defendant Willie J. Gault as to Claims Four, Six and Seven (Docket No. 255) and the Court's Order Granting Plaintiff's Motion for Order on Remedies and Final Judgment as to Defendant Gault (Docket No. 385):

**I.**

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant Gault and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this

Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 17(a)(3) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)(3)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

## II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED THAT Defendant Gault and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 13(b)(5) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78m(b)(5)] by knowingly circumventing or failing to implement a system of internal accounting controls or knowingly falsifying any book, record, or account described in Section 13(b)(2) of the Exchange Act [15 U.S.C. § 78m(b)(2)].

## III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Gault and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Rule 13a-14 of the Exchange Act [17 C.F.R. § 240.13a-14] by filing or causing to be filed any certification that is false or misleading.

## IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that pursuant to the Court's inherent authority to fashion appropriate equitable relief in

this matter, and Section 21(d)(5) of the Exchange Act [15 U.S. Code § 78u] for the benefit of investors, Defendant Gault is permanently enjoined from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)]. The Court retains jurisdiction for the purpose of withdrawing the bar imposed by this paragraph upon a proper showing by Gault that he is rehabilitated and fit to serve as an officer or director. In particular, upon notice to the Commission, Gault may move the Court to lift this bar by affirmatively demonstrating that he has made himself knowledgeable of the requirements of the securities laws imposed on officers and directors and that he has otherwise become competent and fit to serve as an officer or director. The Court will consider and decide such a motion after providing the Commission a reasonable opportunity to respond and holding any evidentiary hearing that may be appropriate to aid in deciding the motion.

## V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Gault is liable for disgorgement of $101,000, representing ill-gotten gains causally connected to his involvement in the defrauding of an investor, together with prejudgment interest in the amount of $27,570.58. Defendant shall satisfy this obligation by paying $128,570.58 to the Securities and Exchange Commission within 14 days after entry of this Judgment. Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or U.S. postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to:

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Willie J. Gault as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment. Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel of record. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of them shall be returned to Defendant.

The Commission shall hold the funds (collectively, the "Fund") and may propose a plan to distribute the Fund subject to the Court's approval. The Court shall retain jurisdiction over the administration of any distribution of the Fund. If the Commission staff determines that the Fund will not be distributed, the Commission shall send the Fund to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment. Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

## VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Gault shall pay civil penalties in the amount of $78,000, pursuant to Section 20 of the Securities Act [15 U.S.C. § 77t(d)(2)] and Section 21 of the Exchange Act[15 U.S.C. § 78u(d)(3)]. Gault shall satisfy this obligation by making this payment to the Securities and Exchange Commission within 14 days after entry of this Judgment. He may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.

1  Payment may also be made directly from a bank account via Pay.gov through the
2  SEC website at http://www.sec.gov/about/offices/ofm.htm.  Defendant may also
3  pay by certified check, bank cashier's check, or U.S. postal money order payable to
4  the Securities and Exchange Commission, which shall be delivered or mailed to:

      Enterprise Services Center
      Accounts Receivable Branch
      6500 South MacArthur Boulevard
      Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Willie J. Gault as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.  Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel of record.  By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of them shall be returned to Defendant.

      The Commission shall send the civil penalty amount paid pursuant to this paragraph to the United States Treasury.  Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961.

## VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment and all order and decrees which may be entered herein, and to entertain any suitable application or motion for additional relief within the jurisdiction of this Court.

## VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, there being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk of the Court is ordered to enter this Judgment forthwith and

1 | without further notice.  Any remaining claims against the Defendant are dismissed
                2 | with prejudice pursuant to Rule 42(a)(2) of the Federal Rules of Civil Procedure.

Dated: April 14, 2016

_____
HONORABLE JAMES V. SELNA
UNITED STATES DISTRICT JUDGE